**WENDALL THOMAS, Plaintiff**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS, Defendant**

Civil No. 143/1977

Territorial Court of the Virgin Islands

Div. of St. Croix at Christiansted

April 11, 1978

 

DEREK M. HODGE, ESQ. (HODGE & SHEEN), Christiansted, St. Croix, V.I., *for plaintiff*

THOMAS M. UTTERBACK, ESQ., Assistant Attorney General (Department of Law), St. Thomas, V.I., *for defendant*

FINCH, *Judge*

## MEMORANDUM OPINION AND JUDGMENT

This is an action for damages brought by the plaintiff, Wendall Thomas, against the Government of the Virgin Islands. In making road repairs the government dug a ditch on the side of the roadway at Grove Place Road. The dirt taken from the ditch was placed at the side of the ditch in a mound which extended into the roadway. On March 12, 1976, at 4:30 p.m., the government workers terminated work at the site on Grove Place Road and warning devices were placed around the site. On March 13, 1976, at about 1:00 a.m. after having a few drinks, plaintiff Thomas was driving north on Grove Place Road when he was partially blinded by the lights of an oncoming car and ran his car upon the mound of dirt, causing damage to his car. The plaintiff alleges that the defendant government was negligent in leaving the mound of dirt upon the highway and not providing any illuminating

warning devices to warn on-coming traffic of the excavation site. The plaintiff further alleges that the doctrine of res ipsa loquitur is applicable to the present set of circumstances because, according to the plaintiff, at the time of the accident the excavation site was under defendant's exclusive management and control, and if defendant had maintained a check on the area any absence of warning devices would have been detected.

The Latin phrase res ipsa loquitur means literally "the thing speaks for itself." The recognized definition of the doctrine was first propounded in 1865:[1]

> There must be reasonable evidence of negligence; but where the thing is shown to be under the management of the defendant or his servants, and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident arose from want of care.

The conditions for res ipsa loquitur that are most often stated in a first year law student's tort class are: (1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff; and in some jurisdictions (4) the evidence as to the true explanation of the event must be more readily accessible to the defendant than to the plaintiff.[2] This jurisdiction has adopted this basic concept in the Restatement of Torts. 1 V.I.C. § 4. The requirements of the Restatement of the law of Torts add that other responsible causes be sufficiently eliminated and that the indicated

---

[1] Scott v. London & St. Katherine Docks Co., 3 H. & C. 596, 159 Eng. Rep. 665 (1865) (opinion by Chief Justice Erle).

[2] W. Prosser, Handbook of The Law of Torts, p. 214 (1971).

negligence be within the scope of the defendant's duty to the plaintiff. The Restatement does not require that the true explanation be more readily accessible to the defendant than to the plaintiff. Restatement, Second, Torts § 328D. This court must now decide whether the doctrine of res ipsa loquitur applies to these facts.

Ab initio this court opines that the doctrine of res ipsa loquitur does not apply to these facts. Plaintiff has not shown that the cause of his injury, whether it be a malfunctioning lantern or a mound of dirt, was within the *exclusive* control of the defendant. (Note emphasis.) There was a period of approximately eight and one half hours between the positioning of the warning devices and the accident when the defendant's employees were not present at the site; certainly this is a long enough span of time for a third party to cause the ineffectiveness or removal of the warning devices. Plaintiff has shown nothing at trial from which this court can conclude that there was no tampering with the warning devices by a third party which would leave the mound of dirt within the exclusive control of the defendant. The defendant cannot be held responsible for acts of third parties over whom it has no control. Certainly the plaintiff cannot and does not contend that the defendant should post one of its personnel on the excavation site so as to prevent tampering, removal or malfunctioning of a warning device. The doctrine of res ipsa loquitur is not applicable to these facts. The plaintiff has also failed to show that he was completely without fault as is required by the doctrine. The plaintiff has testified that he was partially blinded by the lights of an oncoming vehicle just before impact with the mound of dirt. This fact in itself may have possibly been the reason for the accident. This Court also need not document the fact that driving at an early morning hour in conjunction with a few drinks by the driver, which are the circumstances

here, often are the sole causes of accidents. The facts of this case and the allowable inferences therefrom will not permit this Court to apply the doctrine of res ipsa loquitur.

The plaintiff also alleges that there were no illuminating or warning devices at the excavation site. Yet, on inspection, the morning following the accident, the devices that were placed around the excavation site were found scattered on the ground in the immediate vicinity of the accident. Inferentially plaintiff himself may have caused the removal of the warning devices by running into the mound of dirt with his automobile.

In this case, where causation of the alleged injury is an essential element of plaintiff's case, the plaintiff has the burden of proving that it is more likely than not that the conduct of the defendant was a substantial factor in bringing about the result. A mere possibility of such causation is not enough; and when the matter remains one of pure speculation or conjecture, or where the probabilities are at best balanced, it becomes the duty of the court to direct a verdict for the defendant.[3] From a reading of the discussion herein on res ipsa loquitur as applied to the circumstances of this case, and a close analysis of the other facts presented, it is apparent that the plaintiff has not carried his burden of proof against the defendant.

It cannot be denied that without the mound of dirt there would have been no litigation in this case. But the plaintiff has not satisfied this court that the alleged negligent action of the defendant in not placing warning devices at the excavation site was the proximate cause of the accident. Indeed, the evidence shows that the warning devices may have been in place at the excavation site. The plaintiff alleges as negligence the failure of the defendant

---

[3] Id. at 241; see also Eckley v. Seese, 382 Pa. 425, 115 A.2d 227 (1955); Florig v. Sears Roebuck & Co., 388 Pa. 419, 130 A.2d 445 (1957).

in not inspecting the site after the end of the work day and into the night to make certain that the warning devices were properly functioning and that the site did not pose a hazard to traffic on the road. This argument of plaintiff's is one that this court need not extensively discuss for purposes of deciding this case. There is testimony that the site was in fact visited by one of defendant's employees after work was terminated. Also the record seems to indicate that at 1:00 a.m. the mound of dirt was visible enough in the road to alert passersby of its existence. The record also indicates that the proximate cause of the accident may have been the temporarily blinded condition of the plaintiff caused from the headlights of an oncoming car just before the impact and/or the plaintiff's imbibing that evening before his drive. The plaintiff has not shown that the failure of the defendant to inspect the excavation site is more likely the cause of the accident than the above-mentioned factors.

For the reasons hereinabove discussed, the complaint must be dismissed and the plaintiff shall take nothing.